## AMERICAN SAMOA GOVERNMENT EMPLOYEES FEDERAL CREDIT UNION, Plaintiff

v.

## MALUA HUNKIN, Defendant

High Court of American Samoa
Trial Division

CA No. 120-95

March 31, 1997

Before RICHMOND, Associate Justice, VAIVAO, Associate Judge, and AFUOLA, Associate Justice.

Counsel:      For Plaintiff, Ellen A. Ryan
              For Defendant, Gata E. Gurr

Order Granting Summary Judgment:

Plaintiff American Samoa Government Employees Federal Credit Union ("ASGEFCU") moves for summary judgment against defendant Malua Hunkin ("Hunkin") to recover the outstanding and delinquent balance on three loans, evidenced by separate loan agreements. The first loan was made on October 12, 1990, in the principal amount of $24,959.22, with interest at the rate of 18%. The second loan was made on March 12, 1991, for $8,436.30, also with 18% interest. The third loan was made on

May 20, 1992, for $15,541.72, with interest at 8% In August 1994, the interest rate on the first two loans was reduced from 18% to 15%.

In support of its motion, ASGEFCU offered the loan agreements of the three loans; the affidavit of Li'a Sualevai, the collection manager ASGEFCU loans, declaring the outstanding liability on the loan; the account statements detailing the payments on the loans; and Li'a Sualevai's supplemental affidavit identifying how payroll deductions are noted in the account statements.

In opposition to this motion, Hunkin offered an affidavit concluding that there are issues of material fact, but stating only that the payroll deductions are not shown in the account records.

## DISCUSSION

Summary judgment is appropriate when "no genuine issue as to any material fact" exists. T.C.R.C.P. 56(c); and *see* cases on the federal counterpart, Fed. R. Civ. P. 56(c), *Anderson v. Liberty Lobby*, 477 U.S. 242, 247-50 [91 L. Ed. 2d 202, 211-12] (1986) (Fed. R. Civ. P. 56(c)); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-24 [91 L. Ed. 2d 265, 273-74] (1986). In reviewing the pleadings and supporting papers, a court must view them in the light most favorable to the non-moving party. *D. Gokal & v. Daily Shoppers Inc.*, 13 A.S.R.2d 11, 12 (Trial Div. 1989) (citing *United States v. Diebold*, 369 U.S. 654 (1962); *Lokan v. Lokan*, 6 A.S.R.2d 44, 46 (Trial Div. 1987)). That is, the facts must be "beyond dispute," and the non-moving party's factual assertions, supported by evidence such as affidavits, are presumed to be true. *Ah Mai v. American Samoa Gov't (Mem.)*, 11 A.S.R.2d 133, 136 (Trial Div. 1989).

However, as non-moving party, a defendant is not entitled to a trial upon the "unsubstantiated hope that [he] can produce such evidence at trial." *Chapman v. Rudd Paint & Varnish Co.*, 409 F.2d 635, 643 (9th Cir. 1969). A defendant cannot prevail by merely asserting that a genuine issue exists for trial. The only "factual dispute" Hunkin alludes to (accounting of payroll deductions) was clearly resolved in Li'a Sualevai's supplemental affidavit and in the account records themselves. Indeed, there is apparently not even a factual dispute as to these payroll deductions, rather only questioning of the organization and clarity of the account summaries.

Evidence necessary to defeat a motion for summary judgment may depend on the quality of the moving party's offering. Thus, "if the proof in support of the motion . . . has a high degree of credibility the opponent must produce convincing proof." *See*, WRIGHT, ET AL., FEDERAL

181

PRACTICE AND PROCEDURE § 2727 at 143 (2d ed. 1983). Thus, a non-moving party's single affidavit, if inadequate, may be insufficient opposition. *Ashwell & Company, Inc., v. Transamerica Insurance Company*, 407 F.2d 762 (7th Cir. 1969).

This is quite clearly the case in this instance. ASGEFCU offered evidence with a high degree of credibility. Hunkin failed to produce any proof in opposition to the ASGEFCU's motion, let alone the convincing proof required to defeat it.[1]

## ORDER

Accordingly, ASGEFCU's motion for summary judgment is granted.

Judgment shall enter for ASGEFCU against Hunkin as follows:

Loan 1
1. Principal sum $12,116.26;
2. prejudgment interest $3,202.84 as of April 19, 1996 and continuing at 15% per annum until the date of the judgment;
3. post-judgment interest at 15% per annum on the unpaid balance of the judgment.

Loan 2
1. Principal sum $3,343.91;
2. prejudgment interest $574.94 as of April 19, 1996 and continuing at 15% per annum until the date of the judgment;
3. post-judgment interest at 15% per annum on the unpaid balance of the judgment.

Loan 3
1. Principal sum $696.22;
2. prejudgment interest $69.58 as of April 19, 1996 and continuing at 15% per annum until the date of the judgment;
3. post-judgment interest at 15% per annum on the unpaid balance of the judgment.

ASGEFCU is also awarded court costs of $110 and attorney's fees on loans 2 and 3. ASGEFCU will not be allowed attorney's fees on loan 1 until it submits Hunkin's written agreement to pay such fees. The court will then assess the full amount of allowable attorney's fees.

---

[1] We note that Hunkin, on June 28, 1996, and again on September 6, 1996, was given 10 days to submit a supplemental affidavit in response to the ASGEFCU's supplemental affidavit. These periods have long since passed and Hunkin has still failed to submit any such affidavit.

It is so ordered.